**MSJ**
Huong Lam, Esq.
Nevada Bar No. 10916
Bradley Bace, Esq.
Nevada Bar No. 12684
ALESSI & KOENIG, LLC
9500 W. Flamingo, Suite 205
Las Vegas, Nevada  89147
Phone: (702) 222-4033
Fax:    (702) 222-4043
huong@alessikoenig.com
brad@alessikoenig.com
Attorney for Defendant

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| CHERITH CLARK LIBBY, f/k/a Cherith A. Clark, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ALESSI & KOENIG, LLC, a Nevada Limited Liability Company; DOE individuals 1 through 20 inclusive and ROE Corporations 1 through 20 inclusive,<br><br>Defendants. | Case No.  2:14-cv-00331-JCM-CWH<br><br><br>**MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56** |

COMES NOW, ALESSI & KOENIG, LLC, by and through their attorneys of record, Huong Lam, Esq. of ALESSI & KOENIG, LLC, and hereby moves this Court for Summary Judgment pursuant to Federal Rules of Civil Procedures (FRCP") 56.

This motion is made and based upon the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and any argument of counsel the court may consider at the hearing on these motions.

/ / /

/ / /

**POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant, Alessi & Koenig, LLC ("Defendant"), is a collections company that processes delinquent homeowner's association ("HOA") assessments under Nevada Revised Statutes Chapter 116. This case concerns foreclosure notices AK sent to Plaintiff Cherith Clark Libby ("Plaintiff") on behalf of Sunset Cliffs Homeowners' Association ("Sunset Cliffs HOA") due to Plaintiff's failure to meet her obligations and pay HOA assessments on real property commonly known as 8985 S. Durango Dr., Unit 1191, Las Vegas, NV 89113 (the "Property").

Plaintiff alleged that during the foreclosure process, Defendant failed to include specific language identifying itself as a debt collector on one subsequent communication in violation of the Fair Debt Collections Practices Act ("FDCPA"). Due to Plaintiff's failure to pay the HOA assessments, her account was sent to Asset Recovery Services to initiate the foreclosure process under NRS 116. On December 27, 2012, Defendant took over the foreclosure process and sent Plaintiff a letter stating as such. This December 27, 2012 letter contained language notifying Plaintiff that Defendant was "a debt collector and the information obtained would be used for that purpose" (the "mini-Miranda language"). On February 11, 2013, Defendant sent a Notice of Default and Election to Sell Under Homeowners Association Lien. On June 6, 2013, Defendant sent Plaintiff a Pre-Notice of Trustee Sale Notification ("Pre-NOTS"). Defendant's Pre-NOTS inadvertently did not contain the mini-Miranda language.

It must be noted that at the same time Plaintiff was receiving the HOA foreclosure notices from AK, Plaintiff was also receiving foreclosure notices from the beneficiary under the first deed of trust secured by the Property. Plaintiff not only failed to meet her obligations to Sunset Cliffs HOA but Plaintiff also failed to meet her obligation to pay her mortgage on the

Property. Moreover, Plaintiff lost the Property when the beneficiary under the first deed of trust foreclosed on the Property on or about September 27, 2014.

On March 4, 2014, Plaintiff filed the instant complaint. The single cause of action against Defendant is based on violation of FDCPA, 15 U.S.C. § 1692e. Specifically, Plaintiff claims Defendant failed to "disclose in subsequent communications that the communication is from a debt collector." 15 U.S.C. § 1692e.

## II. LEGAL ARGUMENT

### A. Standard of Review for Summary Judgment

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See Id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 23-24 (1986). In determining summary judgment, a court uses the burden-shifting scheme:

When a party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to the case.

*CAR Transp. Brokerage Co. v. Darden Rests, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by

presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an essential element to the party's case on which the party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323-245. If the nonmoving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 459-60 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue of fact for trial. *See Anderson*, 477 U.S. at 249. If the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See Id.* at 249-50.

/ / /

/ / /

### B. The Failure to Include the "Mini-Miranda" Language in One Subsequent Communication was a Bona Fide Error.

Alessi & Koenig, LLC defended and lost a prior lawsuit due to FDCPA violations. Specifically, Defendant failed to include the mini-Miranda language in subsequent communications to another homeowner in 2010.[1] Due to this prior lawsuit, Defendant's staff was trained to comply with the FDCPA and instructed to only use communications containing the mini-Miranda language. Furthermore, Defendant uses a computer program that generates all form letters sent to homeowners. In this case, it was only through mere oversight that Plaintiff received a subsequent communication that did not contain the mini-Miranda language. This was an isolated, unintentional incident. It must be noted that Plaintiff was also receiving foreclosure notices from the beneficiary under the first deed of trust and lost the property when the beneficiary foreclosed. Defendant's degree of culpability is minimal at best.

The FDCPA is a strict liability statute which debt collectors liable for violations even when they are not knowing or intentional. *See Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006). However, the FDCPA also provides for a "narrow exception to strict liability" for bona fide errors. Id. at 1177. The statutory "bona fide error" defense provides:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c), FDCPA Section 813.

---

[1] See Calvert v. Alessi & Koenig, LLC, United States Federal District Court Case No. 2:11-cv-00333.

The bona fide error defense is an affirmative defense, for which the debt collector has the burden of proof. *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1514 (9th Cir. 1994). The defense does not protect a debt collector whose reliance on a creditor's representation is unreasonable. *Clark*, 460 F.3d at 1177. The defense requires the defendant to show that it maintains procedures to avoid errors. *Id.* at 1176-77.

The Tenth Circuit, in Johnson v. Riddle, specifically addressed the requirement that the procedures be adapted to avoid the error: "As the text of §1692k(c) indicates, the procedures component of the bona fide error defense involves a two-step inquiry: first, whether the debt collector 'maintained' — i.e., actually employed or implemented — procedures to avoid errors; and, second, whether the procedures were 'reasonably adapted' to avoid the specific error at issue." 443 F.3d 723, 729 (10th Cir. 2006). The Eighth Circuit also recently discussed the issue, affirming summary judgment for a debt collection agency based on its showing that its procedures were reasonably adapted to prevent the type of error that occurred there:

> That leaves the question whether Credico made a sufficient showing that it employed procedures "reasonably adapted to avoid" the error that occurred. This is a fact-intensive inquiry that few prior cases have addressed. . . . The affidavits and supporting documents establish that Credico's employees received specific instructions to segregate principal and interest in setting up the accounts received from Pinnacle so as to avoid charging interest on interest. The procedures were not as elaborate as those in some cases that have upheld a bona fide error defense, but the error to be avoided in this case was not complex.

*Wilhelm v. Credico, Inc.*, 519 F.3d 416, 421 (8th Cir. 2008).

If the bona fide error defense is to have any meaning in the context of a strict liability statute, then a showing of "procedures reasonably adapted to avoid any such error" must require more than a mere assertion to that effect. The procedures themselves must be explained, along with the manner in which they were adapted to avoid the error. *See Wilhelm*, 519 F.3d at 421.

Only then is the mistake entitled to be treated as one made in good faith. *See also Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006) (discussing the "bona fide" error defense under 15 U.S.C. § 1692k and holding that FDCPA is a strict liability statute in that a plaintiff need not prove an error was intentional); *see also Reichert v. National Credit Systems*, 531 F.3d 1002, (9th Cir. 2008) (discussing the "bona fide error defense" under 15 U.S.C. § 1692k and holding the debt collector failed to establish this defense).

In this case, AK maintains an active set of procedures in order to ensure compliance with the provisions of the Fair Debt Collections Practices Act. These procedures include, but are not limited to, the following:

> (1) Conducting bi-annual staff training sessions for all employees. During these training sessions, staff members are instructed on all aspects of FDCPA compliance including debt collector notification requirements, dispute verification procedures and debt validation practices. All training is done by attorneys well versed in the Fair Debt Collection Practices Act;
>
> (2) Conducting annual compliance reviews of all document templates used in the collection process. Alessi & Koenig uses a customized database program to monitor and track all contact with delinquent HOA members. This program utilizes standardized templates for each written communication sent out in the collection process. These templates are created by FDCPA knowledgeable attorneys and are reviewed annually in order to ensure FDCPA compliance. Included in this category is the Pre-Notice of Trustee's Sale document that is the subject of Plaintiff's complaint;
>
> (3) Providing on-site guidance to employees involved collection activities. In addition to the foregoing, all Alessi & Koenig employees have immediate on-site access to attorneys who are knowledgeable in FDCPA compliance issues. Legal staff members regularly seek and obtain guidance regarding FDCPA related issues including debt validation and debt dispute practices.
> Alessi & Koenig's FDCPA policies and procedures are designed to ensure compliance with all of the applicable FCPA requirements. However, no system is completely fool-proof and errors are always possible.

In the instant matter, it appears that the legal assistant who generated the Pre-Notice of Trustee's Sale document accidentally deleted the requisite mini-Miranda warning notice prior to

sending it to the Plaintiff. This error was inadvertent and occurred despite the policies and procedures that have been put into place to ensure FDCPA compliance. It is important to note that all other notices sent to the Plaintiff included the appropriate mini-Miranda warning language. See attached Exhibit "A."

### III. CONCLUSION

Based on the foregoing, Defendant respectfully requests this Court grant summary judgment in favor of Defendant because the failure to include the mini-Miranda warning on one subsequent communication was an inadvertent error. In the alternative, Defendant respectfully requests this Court limit Plaintiff's damages to statutory damages of $1,000.00 and deny Plaintiff's other claims for relief. Plaintiff suffered no actual damages as Plaintiff's property was foreclosed upon on behalf of the beneficiary under the first deed of trust and not this Defendant.

DATED this 27th day of June, 2014.

ALESSI & KOENIG, LLC

_____
Huong Lam, Esq.
Nevada Bar No. 10916
Bradley Bace, Esq.
Nevada Bar No. 12684
ALESSI & KOENIG, LLC
9500 W. Flamingo, Suite #205
Las Vegas, Nevada 89147
Phone: (702) 222-4033
Fax:    (702) 222-4043
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the __27__ day of June, 2014, I caused service of a true and correct copy of the foregoing **MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56** to be made by depositing same in the United States Mail in Las Vegas, NV, postage prepaid, addressed as follows:

Jamie S. Cogburn, Esq.
Paul R.M. Cullen, Esq.
COGBURN LAW OFFICES
2879 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
Tel: (702) 384-3616
Fax: (702) 943-1936
jsc@cogburnlaw.com
pcullen@cogburnlaw.com
*Attorneys for Plaintiff*

_____
An employee of Alessi & Koenig