**OPPS**
**COGBURN LAW OFFICES**
JAMIE S. COGBURN, ESQ.
Nevada State Bar No. 008409
Jsc@cogburnlaw.com
JASON.C. BARRON, ESQ.
Nevada State Bar No. 007270
jbarron@cogburnlaw.com
2879 St. Rose Parkway, Suite 200
Las Vegas, Nevada 89052
Tel: (702) 384-3616
Fax: (702) 943-1936
  Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHERITH CLARK LIBBY, f/k/a Cherith A. Clark, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ALESSI & KOENIG, LLC, a Nevada Limited Liability Company; DOE individuals 1 through 20 inclusive and ROE Corporations 1 through 20 inclusive,<br><br>Defendants. | Case No: 2:14-cv-00331-JCM-CWH<br><br>**OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

CHERITH LIBBY ("Plaintiff"), by and through her counsel, Cogburn Law Offices, hereby opposes ALESSI & KOENIG's LLC ("Defendant") Motion for Summary Judgment pursuant to FRCP 56(a) & FRCP 56(f) as follows:

**FACTUAL BACKGROUND**

This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Allegedly, such debt is from unpaid HOA assessments for certain real property located at 8985 S Durango Dr. #1191, Las Vegas, NV, 89113   The FDCPA prohibits debt collectors from engaging in abusive, deceptive, harassing, unfair and illegal practices.  Plaintiff has alleged in the complaint on file with this Court that Defendants failed to disclose in subsequent

1  communications that such communication is from a debt collector as required under 15 U.S.C. § 1692e.

As the Court knows, the purposes behind the FDCPA require "a liberal construction of § 1692e (11) so as to protect the least sophisticated consumer." As admitted in Defendants' Motion for Summary Judgment, the collection letter at issue does not contain the language required by § 1692e. Defendants letter dated June 6, 2013 violates the FDCPA by failing to notify the consumer Defendants are attempting to collect a debt and any information obtained will be used for that purpose 15 U.S.C. § 1692e (11).

Defendants allege the affirmative statutory defense of "bona fide error." <u>One of the many issues of material fact before this Court is why was such mandated language absent. Defendants have submitted a self-serving affidavit in support of the "bona fide error" defense. See</u> **Exhibit "A"** attached to Defendant's Motion. Obviously, and without completing discovery, this is a factual question precluding summary adjudication of this matter in this case, particulary at this juncture. <u>See</u> FRCP 56(f).

## THE SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment is appropriate when no genuine issue of material fact exits and the substantive law controls which facts are material. <u>Woods v. Safeway</u>, 121 Nev. 724, 731, 121 P.3d 1026, 1031 (2005); *see also* <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317 (1986). The Court must deny a motion for summary judgment if a rational trier of fact could return a verdict in favor of the non-moving. <u>Id</u>.; *See also* <u>Nodine v. Shiley Inc</u>., 240 F.3d 1149, 1152 (9th Cir. 2001). When considering a motion for summary judgment, the Court must view all evidence in the light most favorable to the non-moving party and the factual allegations of that party must be presumed correct. <u>Charles v. J. Steven Lemons & Assoc</u>., 104 Nev. 388, 390, 760 P.2d 118, 119 (1988). All doubts must be resolved against the moving party. <u>Hoffmeister Cabinets of Nev., Inc. v. Bivins</u>, 87 Nev. 282, 486 P.2d 57 (1971). The trial court "should review the record searchingly for material issues of fact, the existence of which eliminate the propriety of summary treatment." <u>Mullis v. Nevada Nat. Bank</u>, 98 Nev. 510, 512, 654 P.2d 533, 535 (1982)(overruled on other grounds). Moreover, the Court can only consider evidence that would be admissible at

1 trial. Henry Prods., v. Tarnu, 114 Nev. 1017, 1019, 967 P.2d 444, 445 (1998). As more fully set-forth herein below, summary judgment is inappropriate as genuine issues of material fact exist.

## LEGAL ARGUMENT

Defendant's Motion is nothing but factual argument as to the veracity of their claims. **As this Court is aware, the defense of "bona fide error" is fact intensive**. Owen v. I.C. System, Inc., 629 F.3d 1263 (11th Cir. 2011)(defense of bona fide error requires debt collector to maintain and actually employ procedures; and to reasonably adapt same to avoid specific error at issue)(internal quotations omitted). Defendants would simply like the Court to determine, at this premature juncture **(discovery does not close until October 13, 2014)**, their factual defense is true *as a matter of law (for example, Defendants filed the instant motion while Plaintiffs had yet to receive written discovery responses pursuant to FRCP 33 and FRCP 34).*

Defendant's motion violates FRCP 56(a). A court must grant summary judgment when "the **movant shows that there is no genuine dispute as to any material fact** and the movant is entitled to judgment as a matter of law." Id (emphasis added). This obviously requires allowing the parties to complete meaningful discovery to determine the validity, if any, of Defendant's claims. *See* FRCP 56(f); Burlington N. Santa Fe R.R. Co. v. Assiniboine & Soiux Tribes of the Fort Peck Reservation, 323 F.3d 767, 773-74 (9th Cir. 2003).

Pursuant to the "Scheduling Order" (Order) on file, the following dates control in this case: **Discovery Cutoff- October 13, 2014; Motions to Amend Pleadings & Add Parties- July 15, 2014; Expert Designations August 14, 2014; Rebuttal Expert Designations September 13, 2014; Interim Status Report August 14, 2014; and Dispositive Motions November 12, 2014.** *See* Exhibit "1" attached hereto. Plaintiff is, therefore, allowed to conduct discovery as to, without limitation, the reasonableness of Defendant's policy and procedures (P&P's) allegedly in place; as well as what checks and reviews, if any, were in place to make sure the P&P's are adhered to in accordance with the Order (apparently, this is not the first time Defendant has failed to comply with FDCPA per its motion).

As the Court is aware, Plaintiff is entitled discovery on these and all discoverable issues in

**COGBURN LAW OFFICES**
2879 St. Rose Pkwy., Suite 200
Henderson, NV 89052
(702) 384-3616 FAX: (702) 943-1936

1  this matter.  The "bona fide error" defense generally involves issues of fact for the jury.  *See*
2  Nicholas v. Nationwide Credit, Inc., 2010 WL 503071 (S.D. Fla. 2010)(denying summary
3  judgment on bona fide error defense); Berg v. Blatt *et al*., 632 F. Supp 2d 842 (N.D. Ill.
4  2009)(finding genuine issue of material fact where defendants offered some evidence of
5  procedure in place to avoid errors in filing of collection complaints, but were unable to explain
6  how errors in this case occurred, *or how their processes or review were reasonably designed to*
7  *prevent these specific kind of errors*;   *See also* McDaniel v. South & Assoc., P.C., 325 F. Supp
8  2d 1290 (D.N.M. 2007(whether collector's computerized case management system was
9  reasonably adapted to avoid collection action after notice of a dispute, and whether the continued
10 collection was a *clerical error, were questions of fact for a jury*)(emphasis added).

11      What is "reasonable" is a question of fact that turns on the facts and circumstances of each
12 particular case and should be resolved by a trier of fact. *See* Nelson v. City of Las Vegas, 99
13 Nev. 548, 665 P.2d 1141 (1983).  Further, Defendants bear the burden at trial- and in the instant
14 Motion- of showing evidence that would allow a directed verdict at trial if uncontroverted.  Fox
15 v. Citicorp Credit Servs., Inc., 15 F.3d 1507 (9th Cir. 1994).  In such a case, the moving party has
16 the intial burden of establishing the absence of a genuine issue of fact on each issue material to
17 the case.   CAR Transp. Brokerage v. Darden Rests Inc., 213 F.3rd 474, 480 (9th Cir. 2000)
18 (citations and internal quotations omitted).

19      Here, Defendants have failed to come forward with any *uncontroverted evidence* that
20 would support a motion for summary judgment.  Defendant has produced a sham affidavit that,
21 at paragraph 7 of the affidavit, offers inadmissible evidence not based on personable knowledge
22 ("**It appears that the legal assistant** . . . accidently deleted the requisite debt collector warning
23 notice."). Whether this is true, or not, is a discoverable issue. As is the failure in oversight as to
24 why this occurred.  Further, Defendant has failed to carry its initial burden of coming forward
25 with admissible, uncontroverted evidence in support of the motion. If a party moving for
26 summary judgment fails to meet its initial burden of production, **the opposing party is under no**
27 **obligation to produce anything**. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157
28 (1970)(emphasis added); *see also* Nissan Fire & Marine  Ins. Co. v. Fritz Cos., 210 F. 3d 1099

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, NV 89052
(702) 384-3616  FAX:  (702) 943-1936

(9th Cir.2000); and Burns v. Mayer, 175 F. Supp 2d 1259 (D. Nev. 2001). In addition, the Ninth Circuit has held a trial court commits reversible error by granting summary judgment when the movant's papers were themselves insufficient to support summary judgment. Brydes v. Lewis, 18 F.3d 651 (9th Cir.1994). Therefore, Defendant's Motion for Summary Judgment should be summarily denied as violative of FRCP 56 *et seq.* and premature. Certainly, Plaintiffs are entitled to complete discovery, including a FRCP 30(b)(6) person most knowledgeable deposition as to, without limitation, Defendants' practices, policies and procedures, or lack thereof ( factors 5-7 in Defendants affidavit).

## CONCLUSION

In light of the forgoing, Defendant's Motion for Summary Judgment must be denied as it presents genuine issues of material fact; is premature; and violates this Court's Order.

Dated this 21st day of July 2014.

COGBURN LAW OFFICES

By: /s/ Jamie S. Cogburn, Esq.
Jamie S. Cogburn, Esq.
Nevada State Bar No. 08409
Jason C. Barron, Esq.
Nevada State Bar No. 07270
2879 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
Attorneys for Plaintiff

# PROOF OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 2879 St. Rose Pkwy, Suite 200, Henderson, NV 89052. On July 21, 2014, I served the within document(s):

**OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

☐ By **U.S. Mail** a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☒ By **CM/ECF/Clark County Wiznet Filing Pursuant to EDCR 8.05(a)** – with the United States District Court of Nevada, or Clark County District Court, District of Nevada EDCR 8.05(a), a copy of the Court's notification of e-filing is attached to the hard copy for either faxing, mailing, overnight delivery, and/or hand-delivery.

☐ By **Facsimile Transmission** – the transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is **attached** to the hard copy. The names and facsimile numbers of the person(s) served are as set forth below.

☐ By **Overnight Delivery** – by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ By personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

**Huong Lam, Esq.**
**Bradley Bace, Esq.**
**ALESSI & KOENIG, LLC**
**9500 W. Flamingo, Suite 205**
**Las Vegas, NV 89147**
**Attorney for Defendant**

I declare under penalty of perjury that the foregoing is true and correct.

/s/ LaDonna Lee
An employee of Cogburn Law Offices

**COGBURN LAW OFFICES**
2879 St. Rose Pkwy, Suite 200
Henderson, NV 89052
(702) 384-3616  FAX: (702) 943-1936