Huong Lam, Esq.
Nevada Bar No. 10916
ALESSI & KOENIG, LLC
9500 W. Flamingo, Suite 205
Las Vegas, Nevada  89147
Phone: (702) 222-4033
Fax:    (702) 222-4043
huong@alessikoenig.com
Attorney for Defendant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHERITH CLARK LIBBY, f/k/a Cherith A. Clark, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ALESSI & KOENIG, LLC, a Nevada Limited Liability Company; DOE individuals 1 through 20 inclusive and ROE Corporations 1 through 20 inclusive,<br><br>Defendants. | Case No.  2:14-cv-00331-JCM-CWH |

### **DEFENDANT'S REPLY IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56**

COMES NOW, ALESSI & KOENIG, LLC, by and through their attorneys of record, Huong Lam, Esq. of ALESSI & KOENIG, LLC, and files this Reply in Support of Defendant's Motion for Summary Judgment Pursuant to FRCP 56.

This Reply is made and based upon the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and any argument of counsel the court may consider at the hearing on these Motions.

/ / /

/ / /

## POINTS AND AUTHORITIES

### A. Brief Summary

The main issue in this case is whether Plaintiff is entitled to damages under the FDCPA. It is undisputed that Defendant sent Plaintiff one subsequent communication which inadvertently did not contain the mini-Miranda language. It was only through mere oversight that Plaintiff received this one subsequent communication that did not contain the mini-Miranda language. Not only is Defendant's staff trained biannually to comply with the FDCPA but Defendant uses a computer program that generates all form letters sent to homeowners. The fact that one subsequent communication did not contain the mini-Miranda language was a bona fide error.

### B. Argument

As this Court is well aware, the bona fide error is an affirmative defense, for which the debt collector has the burden of proof. *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1514 (9th Cir. 1994). The defense requires the defendant to show that it maintains procedures to avoid errors. *Id.* at 1176-77.

In this case, Defendant submitted the affidavit of Thomas Bayard in support of the Motion for Summary Judgment which detailed Defendant's active set of procedures in order to ensure compliance with the provisions of the FDCPA. Plaintiff argues that the affidavit is self-serving and insufficient to support summary judgment. While it can be said that all affidavits are self-serving, the evidence submitted is sufficient to support summary judgment. The error was inadvertent and occurred despite the policies and procedures that have been put into place to ensure FDCPA compliance. As required, Defendant's procedures themselves were explained, along with the manner in which they were adapted to avoid the error.

Plaintiff propounded discovery on Defendant and Defendant answered the discovery requests. Further discovery would be a waste of resources and would only serve to line Plaintiff's attorneys' pockets. Plaintiff did not suffer any damages from the one subsequent communication that inadvertently did not contain the mini-Miranda language. It must be emphasized that Plaintiff was receiving collection notices from the first deed of trust holder at the same time Plaintiff received collection notices from Defendant. Plaintiff's damages, if any, should be limited to the statutory $1,000.00.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### C. <u>Conclusion</u>

Based on the foregoing, Defendant respectfully requests this Court grant summary judgment in favor of Defendant because the failure to include the mini-Miranda language on one subsequent communication was an inadvertent error. In the alternative, Defendant respectfully requests this Court limit Plaintiff's damages to statutory damages of $1,000.00 and deny Plaintiff's other claims for relief. Plaintiff suffered no actual damages as Plaintiff's property was foreclosed upon on behalf of the beneficiary under the first deed of trust and not this Defendant.

Should this Court find Defendant's evidence insufficient to support summary judgment, Defendant instead asks that the Court grant summary judgment and order Plaintiff submit a memo for *reasonable* attorney's fees and costs that would be subject to Court approval.

DATED this 7th day of August, 2014.

ALESSI & KOENIG, LLC


_____/s/ Huong Lam, Esq._____
Huong Lam, Esq.
Nevada Bar No. 10916
ALESSI & KOENIG, LLC
9500 W. Flamingo, Suite #205
Las Vegas, Nevada  89147
Phone: (702) 222-4033
Fax:    (702) 222-4043
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of August, 2014, I caused service of a true and correct copy of the foregoing **DEFENDANT'S REPLY IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56** to be made by depositing same in the United States Mail in Las Vegas, Nevada, postage prepaid, addressed as follows:

Jamie S. Cogburn, Esq.
Paul R.M. Cullen, Esq.
COGBURN LAW OFFICES
2879 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
Tel: (702) 384-3616
Fax: (702) 943-1936
jsc@cogburnlaw.com
pcullen@cogburnlaw.com
*Attorneys for Plaintiff*

　　　　　　　　　　　　　　　　　　　　　　　/s/ Jacqueline Mora
　　　　　　　　　　　　　　　　　　　　　　An employee of Alessi & Koenig