UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHERITH CLARK LIBBY, | Case No. 2:14-CV-331 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| ALESSI & KOENIG, LLC, | |
| Defendant(s). | |

Presently before the court is defendant Alessi & Koenig's motion for summary judgment. (Doc. # 10).  Plaintiff Cherith Clark Libby filed a response (doc. # 11), and defendant filed a reply (doc # 12).

**I.     Background**

This case originates from a damages action brought against defendant for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("the FDCPA").

Plaintiff is an individual residing in Anchorage, Alaska who allegedly owes past due consumer debt.  (*See* doc. # 1).  Defendant is a collections company that processes delinquent homeowner's association assessments under Nevada Revised Statutes Chapter 116.  (*See* doc. # 10).  This case concerns foreclosure notices defendant sent to plaintiff on behalf of Sunset Cliffs Homeowner's Association due to plaintiff's failure to meet her obligations and pay homeowner's association assessments on real property in Las Vegas, Nevada.  (*See id.*).

On December 27, 2012, defendant sent plaintiff a letter advising that the defendant would be taking over the foreclosure process.  (*See* doc. # 10).  The December 27, 2012 letter contained language warning plaintiff that defendant was "a debt collector and the information obtained would be used for that purpose." (*See id.*).  On February 11, 2013, defendant sent a notice of

**James C. Mahan**
**U.S. District Judge**

default and election to sell under homeowners association lien, which also included the warning. On June 6, 2013, however, defendant sent plaintiff a pre-notice of trustee sale notification letter that did not include the required warning.

It is undisputed that defendant's failure to include the warning language in communications with plaintiff was a one-time occurrence. All prior and subsequent communications between defendant and plaintiff included the required warning.

Plaintiff filed the complaint on March 4, 2014. The complaint alleges one cause of action: that defendant violated § 1692e of the FDCPA when defendant failed to include specific language identifying itself as a debt collector in its June 6, 2013 communication with plaintiff. Defendant admits to its strict liability violation of the FDCPA and moves for summary judgment alleging the affirmative statutory defense of "bona fide error." The court now considers defendant's motion.

## II.   Legal Standard

The Federal Rules of Civil Procedure provide for summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving

1  party failed to make a showing sufficient to establish an element essential to that party's case on
2  which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323-24. If
3  the moving party fails to meet its initial burden, summary judgment must be denied and the court
4  need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S.
5  144, 159-60 (1970).

6  If the moving party satisfies its initial burden, the burden then shifts to the opposing party
7  to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith
8  Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the
9  opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient
10 that "the claimed factual dispute be shown to require a jury or judge to resolve the parties'
11 differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*,
12 809 F.2d 626, 631 (9th Cir. 1987).

13 In other words, the nonmoving party cannot avoid summary judgment by relying solely
14 on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d
15 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and
16 allegations of the pleadings and set forth specific facts by producing competent evidence that
17 shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

18 At summary judgment, a court's function is not to weigh the evidence and determine the
19 truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby,
20 Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all
21 justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the
22 nonmoving party is merely colorable or is not significantly probative, summary judgment may be
23 granted. *See id.* at 249-50.

24 **III.   Discussion**

25     *A. Fair Debt Collection Practices Act ("the FDCPA")*

26 The FDCPA regulates the conduct of "any person" in "any business" whose principal
27 purpose is debt collection, or who regularly collects or attempts to collect debts. 15 U.S.C. §
28 1692a(6). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, harassing,

**James C. Mahan
U.S. District Judge**

unfair, and illegal practices. 15 U.S.C. § 1692e; *Baker v. G.C. Servs. Corp.,* 677 F.2d 775 (9th Cir. 1982). The court determines whether a communication violates the FDCPA by inquiring whether it is "likely to deceive or mislead a hypothetical 'least sophisticated debtor.'" *Wade v. Reg'l Credit Ass'n,* 87 F.3d 1098, 1100 (9th Cir. 1996).

The FDCPA is a strict liability statute. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006). Debt collectors are liable for violations even when they are not knowing or intentional. *See id.* However, the FDCPA also provides for a "narrow exception to strict liability" for bona fide errors. *Id.* at 1177. § 1692k(c) provides that

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

*Id.*

It is undisputed that defendant is a creditor under the FDCPA and that defendant violated the strict liability of the FDCPA. The only issue is whether the bona fide error affirmative defense excuses defendant's violation.

### B. Bona fide error defense

The bona fide error defense is an affirmative defense, for which the debt collector has the burden of proof. *Reichert v. Nat'l Credit Sys., Inc.,* 531 F.3d 1002, 1006 (9th Cir. 2008); *Fox v. Citicorp Credit Servs., Inc.,* 15 F.3d 1507, 1514 (9th Cir. 1994). Thus, to qualify for the bona fide error defense, the defendant must prove that (1) it violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid the violation. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011). Procedures that support a valid bona fide error defense must be "reasonably adapted to avoid the specific error at issue." *McCollough*, 637 F.3d at 948 (citing *Reichert,* 531 F.3d at 1006).

Defendant asserts that it is not liable for the violation, because its actions meet all the requirements of the bona fide error defense. First, defendant maintains that the missing warning

James C. Mahan
U.S. District Judge

- 4 -

was a one-time, inadvertent error. As evidence, defendant provides a sworn affidavit from one defendant's attorneys asserting that "it appears that the legal assistant who generated the Pre-Notice of Trustee's Sale document accidentally deleted the requisite mini-Miranda warning notice prior to sending it to the Plaintiff." (*See* doc. # 10). Additionally, defendant notes its prior and subsequent letters to plaintiff that included the required warning.

Second, defendant asserts that it maintains an active set of procedures to ensure compliance with the FDCPA. As evidence defendant details its procedures, which include, but are not limited to: (1) bi-annual staff training sessions for all employees done by attorneys "well versed" with the FDCPA; (2) annual compliance reviews of all document templates used in the collection process by attorneys "well versed" with the FDCPA; and (3) on site guidance by attorneys "well versed" with the FDCPA for employees involved in collection activities.

Plaintiff contends that whether the legal secretary inadvertently deleted the warning, and whether defendant's procedures are "reasonably adapted" are both disputed material facts, thereby precluding summary judgment under the bona fide error defense. Plaintiff cites to a number of other jurisdictions, but no controlling precedent for its assertions.

The court finds that defendant has met its burden in proving that (1) defendant violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) defendant maintained procedures reasonably adapted to avoid the violation. The defendant's previous and subsequent communications with plaintiff all included the required warning. Additionally, defendant has a number of procedures such as a template with the required warning language pre-programmed, attorneys well-versed in the FDCPA on call and available to provide support at any time, routine trainings for all employees regarding FDCPA compliance, and annual compliance reviews.

The court finds that the omission was an isolated mistake by defendant, which falls squarely within the narrow exception the FDCPA provides for bona fide errors. Because the defendant's procedures are reasonably adapted as a matter of law, the court, will grant defendant's motion for summary judgment.

**James C. Mahan**
**U.S. District Judge**

1    **IV.     Conclusion**

2    Accordingly,

3    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Alessi & Koenig LLC's motion for summary judgment (doc. # 10), be GRANTED.

5    DATED October 31, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**